UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS F. ROLL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C13-646-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Douglas F. Roll appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

I. FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 44-year-old man with a high-school education. Administrative Record ("AR") at 40. His past work experience includes employment as a landscaper, carpenter, and painter. AR at 40-41, 220. Plaintiff was last gainfully employed in 2002, though he worked many short-term jobs since then. AR at 211, 226.

REPORT AND RECOMMENDATION - 1

On September 12, 2011, Plaintiff filed a claim for SSI payments, alleging an onset date[1] of January 12, 2002. AR at 181-87. Plaintiff asserts that he is disabled due to depression, insomnia, and anxiety. AR at 219, 265. The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 112-15, 124-32. Plaintiff requested a hearing, which took place on September 20, 2012. AR at 33-66.

On November 13, 2012, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform his past relevant work as well as other jobs existing in significant numbers in the national economy. AR at 12-24. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On April 10, 2013, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to September 12, 2011. AR at 38.
[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. §

REPORT AND RECOMMENDATION - 2

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Mr. Roll bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age,

REPORT AND RECOMMENDATION - 3

education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On November 13, 2012, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since the amended disability onset date of September 12, 2011.

3. The claimant's major depressive disorder, explosive disorder, and personality disorder are severe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can occasionally kneel; he can perform simple routine tasks and follow short simple instructions. He can do work that needs little or no judgment and he can perform simple duties that can be learned on the job in a short period. He has an average ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis within customary tolerances of employers' rules regarding sick leave and absence. He can have occasional, superficial interactions with coworkers and supervisors and can work in proximity to coworkers but not in a cooperative or team effort. He would work best in a work environment that is predictable and with few work setting changes. He requires tasks that are routine so as to require minimal supervisor redirection. He should work without public contact.

6. The claimant is capable of performing past relevant work as a metal cleaner immersion worker.

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2002, through the date of the decision.

AR at 14-24.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in rejecting the opinions of counselor Liz Covey, M.A., LMHC, and psychiatrist Steven Haney, M.D.; and

2. Whether the ALJ erred in discounting Plaintiff's credibility.

Dkt. 15 at 1-2.

## VII. DISCUSSION

A. <u>The ALJ Did Not Err in Assessing the Opinions of Ms. Covey and Dr. Haney.</u>

Plaintiff assigns error to the ALJ's rejection of two opinions: Ms. Covey's May 2011 DSHS form opinion and Dr. Haney's April 2012 DSHS form opinion. The Court will consider each opinion in turn.

1. *Ms. Covey's Opinion*

Ms. Covey examined Plaintiff after reviewing previous DSHS evaluations, and provided an opinion regarding his mental-health diagnoses and functional limitations. AR at 292-97. Ms. Covey opined that Plaintiff's limitations in nearly every functional category were "severe," and that some of those limitations were caused at least in part by post-traumatic stress disorder ("PTSD"), an impairment that the ALJ rejected as not medically determinable at step two. AR at 15-16, 295. The ALJ rejected Ms. Covey's opinion to the extent that she relied on Plaintiff's subjective self-report, and because her opinions were inconsistent with Plaintiff's caregiving activities and Ms. Covey's own notes indicating that Plaintiff experienced improvement with medication. AR at 20. The ALJ also indicated that because

REPORT AND RECOMMENDATION - 6

PTSD was not a medically determinable impairment, he rejected Ms. Covey's opinions regarding limitations caused by PTSD. *Id.* Because Ms. Covey is a non-acceptable medical source under applicable regulations, the ALJ's reasons to discount her opinion must be germane. *See Smolen*, 80 F.3d at 1288-89. For the following reasons, the Court finds that the ALJ provided several germane reasons to discount Ms. Covey's opinion.

The ALJ first stated that because "no medical records were provided" for Ms. Covey's review, "she had to rely upon the claimant's subjective allegations rather than objective medical findings." AR at 20. It is true that Ms. Covey indicated that no medical records were "available for review," but she also stated that she reviewed prior DSHS psychiatric evaluations. AR at 292. Ms. Covey also indicated that she did not observe all of Plaintiff's symptoms (AR at 293), and some of her "observations" listed as support for her opinions constitute reiteration of Plaintiff's subjective statements. AR at 295 (describing Plaintiff's history of social limitations).

The ALJ properly considered the extent to which Ms. Covey relied on Plaintiff's self-report in rendering her opinion. Even if the ALJ erred in incorrectly stating that Ms. Covey reviewed no records at all (as conceded by the Commissioner (Dkt. 20 at 7)), his finding that she relied on Plaintiff's self-report is supported by substantial evidence, because she explicitly cited his description of symptoms as support for her opinions. AR at 295. Her opinion precedes a blank mental status examination form (AR at 297), and there is no other record of Ms. Covey's clinical evaluation. This is a germane reason to discount her opinion, because (as explained *infra*) the ALJ properly discounted Plaintiff's credibility, and was thus entitled to discount opinions formed in reliance on his non-credible reporting. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ also cited evidence inconsistent with Ms. Covey's opinion regarding severe

REPORT AND RECOMMENDATION - 7

limitations, specifically Plaintiff's ability to act as a caregiver for his mother. AR at 20. Although Plaintiff argues that his caregiving responsibilities were not inconsistent with Ms. Covey's opinion, Plaintiff's activities included using judgment and decision-making skills, and performing routine tasks such as cleaning, cooking, and running errands. AR at 19. The ALJ did not err in finding those activities to be inconsistent with Ms. Covey's opinion, which indicated that Plaintiff had severe limitations in his ability to follow three-step instructions, learn new tasks, and perform routine tasks (AR at 295). *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

The ALJ also properly considered Ms. Covey's indication that Plaintiff reported that his medication was "very helpful in keeping him 'calmer,' helping to regulate his moods, and in improving his sleep." *Id.* The ALJ reasonably construed this note to be inconsistent with Ms. Covey's other findings regarding Plaintiff's symptoms of severe insomnia, "low frustration tolerance," and irritability/depressed mood. AR at 293. This internal inconsistency is a germane reason to discount Ms. Covey's opinion. *See Bayliss*, 427 F.3d at 1216 (holding that rejection of a physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

The ALJ also observed that some of Ms. Covey's opinion explicitly mentioned PTSD symptoms as one of the causes of some of his functional limitations. AR at 20 (referencing AR at 295). Plaintiff argues for the first time on Reply that even if the ALJ properly rejected PTSD as a severe impairment at step two, he should not have automatically rejected Ms. Covey's opinions regarding the limitations caused by PTSD symptoms. Dkt. 22 at 7. But, as the Commissioner notes, only symptoms linked to medically determinable impairments must

be considered by the ALJ. *See* Social Security Ruling 96-3p, 1996 WL 374181, at *2 (Jul. 2, 1996) ("Because a determination whether an impairment(s) is severe requires an assessment of the functionally limiting effects of an impairment(s), symptom-related limitations and restrictions must be considered at this step of the sequential evaluation process, *provided that the individual has a medically determinable impairment(s) that could reasonably be expected to produce the symptoms*." (emphasis added)). While Plaintiff correctly points out that none of Ms. Covey's opinions regarding functional limitations were explicitly linked to *only* PTSD (Dkt. 22 at 7), the ALJ did not err in discounting Ms. Covey's opinion to whatever extent it *was* based on PTSD symptoms.

Finally, the parties dispute the propriety of the ALJ's tangential discussion of whether section G of Ms. Covey's opinion is analogous to part of a State agency consultant's Mental Residual Functional Capacity Assessment ("MRFCA") form (AR at 20). The ALJ correctly noted that section G of Ms. Covey's opinion does not correspond to the "paragraph B" criteria under Listing 12.00 (AR at 20), but the remainder of the ALJ's MRFCA comparison is superfluous analysis. AR at 294-95. Plaintiff has not shown that he was prejudiced by the ALJ's analogy, and thus any error is harmless.

2.  *Dr. Haney's Opinion*

Dr. Haney evaluated Plaintiff in April 2012. AR at 982-86. The ALJ assigned "little to no weight" to Dr. Haney's opinion[3] because (1) he "failed to cite any objective medical findings to support" his conclusions, (2) he "merely restates what the claimant does, rather than determining what the claimant is capable of doing", and (3) his opinions were inconsistent with his treatment notes. AR at 21. Plaintiff argues that none of these reasons is specific and

---

[3] Plaintiff refers to this opinion as a "joint opinion" from Dr. Haney and Jack Barrow (Dkt. 15 at 1), but Dr. Haney is the only provider who signed the opinion. AR at 986. Thus, it is not a joint opinion.

REPORT AND RECOMMENDATION - 9

legitimate. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (holding that an ALJ must provide specific and legitimate reasons to discount an examining physician's contradicted opinion).

The Court disagrees. The ALJ accurately noted that Dr. Haney failed to support his opinions regarding functional limitations with any of his own clinical observations, but instead only provided conclusory statements. AR at 21 (referencing AR at 984-85). This is a legitimate reason to discount Dr. Haney's opinion. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Although Plaintiff points to Dr. Haney's contemporaneous treatment notes as support for his opinions, they are not necessarily consistent with his opinion, as the ALJ found. For example, Dr. Haney recorded normal mental status examination findings in April 2012 and also recorded that Plaintiff was looking for work. AR at 987. Dr. Haney had previously indicated that Plaintiff's depression has "generally been successfully treated with anti-depressants." AR at 990. Dr. Haney's treatment notes do not support his opinion regarding marked functional limitations, and thus the ALJ properly discounted Dr. Haney's opinion on that basis. *See Bayliss*, 427 F.3d at 1216.

As to the ALJ's remaining reason to reject Dr. Haney's opinion — lack of opinion regarding Plaintiff's capabilities — the Commissioner concedes that Dr. Haney's opinion does contain some conclusions regarding Plaintiff's capabilities, and that the ALJ erred in finding otherwise. Dkt. 20 at 10. In light of the other two legitimate reasons to discount Dr. Haney's opinion, however, any error in the ALJ's description of Dr. Haney's opinion as merely restating Plaintiff's activities rather than determining his capabilities is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that an error is harmless if it is

REPORT AND RECOMMENDATION - 10

inconsequential to the ultimate nondisability determination).

B. <u>The ALJ Did Not Err in Discounting Plaintiff's Credibility.</u>

The ALJ cited a number of reasons to find Plaintiff's subjective testimony not credible, including inconsistent medical findings, inconsistent activities, and lack of compliance with treatment. AR at 19. Plaintiff argues that these reasons are not clear and convincing. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (holding that absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony). The Court disagrees, finding the ALJ's reasons to be sufficient, for the following reasons.

1. *Medical Evidence*

The ALJ cited evidence that Plaintiff's depression symptoms improved with medication in 2011 and 2012. AR at 19 (citing AR at 916-17, 940, 942, 947, 950). Plaintiff contends that this evidence is relevant to determining the severity of his depression, but not to assessing his credibility. Dkt. 22 at 1. These issues are not discrete: Plaintiff has alleged that he is disabled due to depression, and thus the ALJ properly considered whether the medical evidence supports that allegation. *See Rollins*, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also argues that the ALJ has not shown that his other symptoms, including symptoms caused by his explosive disorder, improved. Dkt. 22 at 2. It is unclear why this would matter, because the ALJ did not contend that they did improve. Plaintiff has cited no authority holding that an ALJ must provide credibility reasoning that applies to every individual statement made by a claimant, and the Court is aware of none.

REPORT AND RECOMMENDATION - 11

2. *Inconsistent Activities*

The ALJ cited Plaintiff's ability to care for his ailing mother — including the ability to clean the house, do yard work, cook meals, change linens, run errands — as inconsistent with his allegations regarding restricted functioning. AR at 19 (referencing hearing testimony, citing AR at 931). The ALJ posited that Plaintiff's caregiving activities were "tantament to work as a home attendant (DOT# 354.377-014)." AR at 19.

Plaintiff focuses on the ALJ's reference to the home attendant job, arguing that "[t]here was no basis for a finding that Plaintiff could seek employment as a Home Attendant or that these skills were transferable." Dkt. 22 at 3. But the ALJ did not make such a finding: the ALJ merely noted that Plaintiff's activities in caregiving were similar to the duties of a home attendant, which is a semi-skilled job at a medium exertional level. AR at 19. The ALJ did not list "home attendant" in Plaintiff's past relevant work, nor did he indicate at step five that Plaintiff could transition to a home attendant position. AR at 22-23.

Instead, the ALJ inferred that Plaintiff's ability to care for his mother demonstrated that his "activity level is greater than that suggested by allegations concerning restrictions in his functioning." AR at 19. For example, Plaintiff testified at the hearing that he could not work because it was hard for him to leave the house due to paranoia, and the ALJ pointed out that he had testified that he went grocery shopping for his mother, and therefore must have left the house to do so. AR at 48-49. The ALJ also noted that Plaintiff reported an interest in going to Las Vegas with his girlfriend, and had recently attended a state fair with her. *See* AR at 45-46. Plaintiff has not shown that the ALJ erred in finding Plaintiff's self-described activities to be inconsistent with his allegations of restricted functioning. *See Molina*, 674 F.3d at 1112-13 (holding that "the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting.

Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

### 3. *Lack of Compliance*

The ALJ cited evidence that Plaintiff had had failed to follow treatment regimen in the past: he was discharged from a substance treatment program in February 2010 for repeated rules violations (AR at 289-91), and his treatment counselor noted that "[h]e talks a good talk but he is not a follow through type of guy." AR at 290. Plaintiff emphasizes that his failure to complete that treatment program reflects his struggle with authority figures, but has not shown that the ALJ was unreasonable in construing it as evidence of poor motivation to seek treatment. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). To the extent that Plaintiff also argues that the ALJ should have considered his subsequent successful completion of treatment, the ALJ did mention Plaintiff's subsequent treatment and abstinence when assessing the severity of his substance abuse impairment (AR at 15) and therefore Plaintiff has not shown that the ALJ erred.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED. A proposed order accompanies this Report and Recommendation.

DATED this 31st day of December, 2013.

*James P. Donohue*
_____
JAMES P. DONOHUE